IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | CRIMINAL ACTION NO.: 1:22-CR-6-3 (JUDGE KLEEH) |
| SHANE I. THOMASON, | |
| **Defendant.** | |

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Judge for the purpose of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. On April 4, 2022 came the United States of America ("the Government") by videoconference and by its counsel, Christopher L. Bauer, Assistant United States Attorney, and also came Defendant Shane I. Thomason by videoconference and by counsel, Charles T. Berry, for a change of plea hearing.

On March 30, 2020, Chief Judge Groh entered a standing order ("Standing Order"), In Re: Criminal Case Operations Due to COVID-19 Response, 3:20-MC-28, after the Judicial Conference of the United States ("JCUS") found, pursuant to the CARES Act, H.R. 748 ("CARES Act"), that emergency conditions due to the national emergency declared by President Donald J. Trump materially affect the functioning of the federal judiciary, generally, and that, specifically, emergency conditions exist in the Northern District of West Virginia. In so doing, Chief Judge Groh authorized certain criminal proceedings to be conducted by video conference, including pleas under Rule 11 of the Federal Rules of Criminal Procedure, because of the possibility that such

1

proceedings could seriously jeopardize public health and safety.

Pursuant to the aforementioned Standing Order, when video teleconferencing is authorized in certain criminal proceedings, the presiding judge must find for specific reasons that the plea cannot be further delayed without serious harm to the interests of justice. Such authorization to proceed by video teleconferencing may occur only with consent of a defendant after consultation with counsel.

On March 29, 2022, Defendant, by counsel, filed a Notice Requesting to Appear by Videoconference, explaining that the Defendant prefers to reduce his risk of exposure and not to travel at this time due to concerns surrounding possible contraction of the COVID-19 virus. [ECF No. 72]. Defendant consented to conducting the Rule 11 hearing by videoconference and stated that Defendant has the technological capabilities to permit him to appear and participate fully and meaningfully by video.

A Videoconferencing/Teleconferencing Waiver was signed by both the Defendant and counsel and presented at the hearing. On the record, Defendant, with the advice and benefit of counsel, reaffirmed that he would like to proceed with the plea hearing by videoconference. The Court **ORDERED** the fully executed Videoconferencing/Teleconferencing Waiver be filed herein. [ECF No. 74].

Here, the undersigned **FINDS** that this plea hearing could not be further delayed without serious harm to the interests of justice because of the unknown nature, extent, and duration of the COVID-19 pandemic, and the possible exposure risks associated with travel at this time.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One and Count Two of the Indictment, <u>without a written plea agreement</u>.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Shane I. Thomason, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record. [ECF No. 75].

The parties represented to the Court that there is no plea agreement in this case. Defendant stated in open court that he fully understood he was pleading guilty to Count One and Count Two of the Indictment, and that no other agreements had been made between himself and the Government. In addition, Defendant and his counsel acknowledged that a plea agreement was presented to Defendant, but after considering the plea agreements and discussing the plea agreements with his counsel, Defendant decided to plead guilty to Count One and Count Two without a plea agreement.

The Court confirmed that Defendant had received and reviewed with his attorney the Superseding Indictment in this matter. The Court reviewed with Defendant Count One and Count Two of the Superseding Indictment, including the elements of the crimes the United States would have to prove at trial, charging him in Count One with Conspiracy to Violate Federal Firearm Laws, in violation of Title 18, United States Code, Sections 371, 922(a)(6), and 924(a)(2) and charging him in Count Two with Aiding and Abetting False Statement During Purchase of Firearm, in violation of Title 18, United States Code, Sections 2, 922(a)(6) and 924(a)(2). However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea. The Government proffered a factual basis for the plea. Neither Defendant nor Defendant's counsel disputed the proffer when given the opportunity to do so. Additionally, the Defendant provided a factual basis for the plea.

The Court then reviewed with Defendant the statutory penalties for Count One and Count Two, to which Defendant proposed to enter a plea of guilty, and the impact of the sentencing

guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him. Defendant also understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was not more than five (5) years of imprisonment, a fine of $250,000.00, and a period of supervised release of three (3) years. Defendant further understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two was ten (10) years of imprisonment, a fine of $250,000.00, and a period of supervised release of three (3) years.

Defendant also understood that the Court would impose a special mandatory assessment of $100.00 for each offense, for a total of $200.00, for having been convicted of felony offenses. Defendant further understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood that he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty. The Court advised Defendant of his right to plead not guilty and maintain that plea during a trial before a jury of his peers.  The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty.

The undersigned also inquired of Defendant whether he understood that by pleading guilty,

he was forfeiting other rights such as the right to vote, right to serve on a jury, and the right to legally possess a firearm. Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

Defendant stated that he understood all of the consequences of pleading guilty. Defendant was also advised of his appellate rights, and further advised that any notice of appeal must be entered within fourteen (14) days of judgment being entered.

Defendant stated that the plea was not a result of any threat, coercion, or harassment and that the plea was not the result of any promises. Defendant stated there was nothing he had asked his lawyer to do that was not done. Defendant further stated that his attorney had adequately represented him in this matter and that neither he nor his attorney had found an adequate defense to the charges contained in Count One and Count Two of the Superseding Indictment.

The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charges under Count One and Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the pre-sentence report.

The Court informed Defendant that the Sentencing Guidelines are merely advisory.

6

However, under the Sentencing Reform Act of 1984, certain Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that he had reviewed the various factors taken into consideration by the Sentencing Guidelines with his attorney and that he understood that the sentence could not be determined until after the United States Probation Office had prepared a presentence report and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea.

Defendant further stated that his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, but that he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant, Shane I. Thomason, with the consent of his counsel, Charles T. Berry, proceeded to enter a verbal plea of **GUILTY** to the felony charges in Count One and Count Two of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant

understood the charges against him, as to Count One and Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalties to which he would be exposed for Count One and Count Two; Defendant made a knowing and voluntary plea of guilty to Count One and Count Two of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count One and Count Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

Defendant is **REMANDED to the custody of the United States Marshals Service pending sentencing**. [ECF No. 47].

**IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.**

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on April 4, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE